Lara-Guzman v. Sessions

BIA
Verrillo, IJ
A206 629 812/813

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand eighteen.

PRESENT:
> JOHN M. WALKER, JR.,
> BARRINGTON D. PARKER,
> REENA RAGGI,
> *Circuit Judges.*

_____

ANGELA SUYAPA LARA-GUZMAN, LINNY SOHELE RODRIGUEZ-LARA,
> *Petitioners,*

v.                                                   16-1497
                                                     NAC
JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:         Robert C. Ross, West Haven, CT.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Jesse M. Bless,
                         Senior Litigation Counsel; Barbara
                         J. Leen, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Angela Suyapa Lara-Guzman and her daughter, Linny Sohele Rodriguez-Lara, natives and citizens of Honduras, seek review of an April 12, 2016, decision of the BIA affirming an August 24, 2015, decision of Immigration Judge ("IJ") Philip Verrillo denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Angela Suyapa Lara-Guzman, Linny Sohele Rodriguez-Lara,* Nos. A206 629 812/813 (B.I.A. Apr. 12, 2016), *aff'g* Nos. A206 629 812/13 (Immig. Ct. Hartford Aug. 24, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Chuilu*

*Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009).  The agency did not err in concluding that Lara-Guzman failed to satisfy her burden of proof as to her claim that the father of her children abused her for years in Honduras and that police did not protect her.

"The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."  8 U.S.C. § 1158(b)(1)(B)(ii); *see also Chuilu Liu*, 575 F.3d at 196–97. In this case, it was reasonable for the agency to require Lara-Guzman to corroborate her testimony: Lara-Guzman's abuser is not listed as the father of her children on their birth certificates and her vacillating testimony on the matter did not resolve the issue; and she admitted she does not know why she fears returning to Honduras after her abuser's death.  *See Majidi v. Gonzales*, 430 F.3d 77,

3

80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." (internal quotation marks, citation, and emphasis omitted)).

The agency identified the missing evidence and gave Lara-Guzman the opportunity to obtain it. Lara-Guzman did not attempt to obtain her medical records even after she learned that the medical clinic would not release them to her grandmother. *See Chuilu Liu*, 575 F.3d at 197–98 ("[W]e review with substantial deference an IJ's determination that corroborating evidence was reasonably available to the applicant . . . . [who] bears the ultimate burden of introducing such evidence without prompting from the IJ."). Lara-Guzman did not ask for statements from her cousins, brothers, or classmates, all of whom she said had witnessed or knew of her abuse. *See id.* Lara-Guzman's mother did not provide a corroborating statement; Lara-Guzman believes that her mother is upset about the abuse Lara-Guzman suffered. Furthermore, Lara-Guzman did not submit a threatening Facebook message she purportedly received from her abuser's friend. She claimed to have deleted the message while saving the picture of her

4

abuser's dead body that accompanied it. The IJ was not compelled to credit a digital forensics consultant's statement that it was unlikely the message could be retrieved from the archives of Lara-Guzman's Facebook account; the consultant did not examine that account or Lara-Guzman's phone.

The IJ also did not err in giving diminished weight to a domestic violence complaint and protective order Lara-Guzman submitted: she submitted only photocopies and she could not recall if she had filed any other complaints with police. *See* Immigr. Ct. Prac. Manual § 3.3(d)(iii) (requiring the alien to make originals available); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006) (holding that determination of the weight of evidence is largely a matter of agency discretion).

Accordingly, the agency did not err in concluding that Lara-Guzman failed to satisfy her burden of demonstrating past persecution or a well-founded fear of future persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu*, 575 F.3d at 196-98. That finding is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148,

156-57 (2d Cir. 2006).* We do not consider the agency's alternative basis for denying relief—its determination that Lara-Guzman's claimed fear of future persecution was speculative. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Because Lara-Guzman did not establish past persecution, she is ineligible for humanitarian asylum. *See* 8 C.F.R. § 1208.13(b)(1)(iii); *see also Kone v. Holder*, 596 F.3d 141, 146 (2d Cir. 2010) (recognizing that humanitarian asylum "is reserved for persecuted aliens whose persecution was particularly severe or who may suffer 'other serious harm' if removed").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument

---

* The IJ denied CAT relief based on Lara-Guzman's failure to satisfy the lower burden for asylum with adequate corroborating evidence. Therefore, contrary to the Government's contention, Lara-Guzman's challenge to the IJ's lack of corroboration finding necessarily challenges the denial of CAT relief.

in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk